IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 19, 2019 Session

**WILLIAM M. WEST, JR. v. JULIE WEST**

**Appeal from the Circuit Court for Knox County**
**No. C-18-123818      Kristi M. Davis, Judge**

**_____**

**No. E2018-02277-COA-R3-CV**

**_____**

This appeal arises from detainer warrants sought by a decedent's son seeking to remove a surviving spouse from a house. The trial court granted possession of the property to the son. We find it necessary to vacate the trial court's ruling and to remand the matter for more in-depth findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

David A. Lufkin, Sr., Knoxville, Tennessee, for the appellant, Julie A. West.

Stephen K. Garrett, Corryton, Tennessee, for the appellee, William Maurice West, Jr..

**OPINION**

**I. BACKGROUND**

On May 22, 2013, Billy Maurice West ("Decedent") died leaving Julie Ann West ("Widow") as his surviving spouse and William Maurice West, Jr. ("Son"), his adult son by a prior marriage, as his only other heir. On June 28, 2013, the Knox County Chancery Court issued letters testamentary to Widow under a document purporting to be Decedent's last will and testament dated July 23, 2012. However, on July 26, 2013, Son filed a notice of will contest and proffered a copy of a prior will of Decedent dated March 3, 2003. Ultimately, an order was entered admitting Decedent's earlier will to probate and appointing Son as the personal representative of Decedent's estate.

The 2003 will devised property located at 3226 Johnson Road, Knoxville, Tennessee, to Son. Widow had lived there with Decedent and remained there after his death.

On September 7, 2016, Son filed a Knox County General Sessions detainer warrant[1] against Widow. On December 12, 2016, Widow's counsel filed a request for a continuance and motion to dismiss as to the detainer warrant. The pleading raised the argument that the will contest between the parties was not final in the chancery court and that Widow had filed a petition requesting the right of homestead in the real estate at issue in this appeal. Widow contends that by agreement of the attorneys, the detainer warrant was placed on hold. Son's counsel admits that there did exist an agreement between counsel that an earlier filed detainer action would be "placed on hold pending resolution of outstanding motions and petitions" that were then pending in chancery court. However, according to Son, all the matters pending at the time of the agreement were in fact resolved prior to the initiation of the second detainer action (No. 84122DT) that is the subject of this appeal. As those under-lying probate matters had been resolved as per the terms of the earlier understanding, Son claims that he was completely justified in filing and seeking recovery of his property pursuant to the second detainer action. Son notes that at that time, Knox County Chancellor John Weaver had entered an order dismissing Widow's petition for right of surviving spouse to specific property, year's support allowance, assignment of homestead, and right to elective share.

On May 2, 2018, Son's counsel informed Widow's counsel by letter that any prior agreement was "rescinded." On May 9, 2018, Son filed a second general sessions detainer warrant, while the first one was still pending. He argued that awarding possession of the property devised to him by Decedent's will does not preclude the probate court from assessing any valid claim against the estate or against the fee simple interest in the real estate now owned by Son. He observed that the probate court has no jurisdiction or ability to "evict" the wrongfully holding tenant. On June 1, 2018, Widow's counsel requested a continuance and renewed her motion to dismiss. In a response to Widow's motion to dismiss filed that same day, Son requested back rents owed to him in addition to possession. According to Son, after the will contest judgment became final and non-appealable (November 2016), he became the true and uncontestable owner of the home and was entitled to reasonable rental amounts from one holding possession of his property in a hostile manner.[2]

On June 12, 2018, Widow filed a sworn petition in general sessions court, citing both detainer cases, to allow writ of certiorari and supersedeas to the circuit court. The motion argued that the second detainer warrant cannot be maintained because of the

[1]No. 78404DT.
[2]Son later waived the issue of rent.

"Present Suit Pending Doctrine" (*see Fredrick Sledge v. Tennessee Department of Correction*, No. M2017-01510-COA-R3-CV, 2018 WL 2230673 (Tenn. Ct. App. 2018); that both detainer warrants represented a collateral attack on the chancery court's exclusive jurisdiction as to probate matters; and that there did not appear to be a service of process on Widow as to the second detainer warrant. Argument was made that the second detainer warrant, filed by Son pro se, was made with unclean hands in an attempt to thwart the agreement of counsel which placed the first detainer warrant on hold. Additional argument was made that a detainer warrant was improper in that this was a situation "without rent." Widow's counsel claimed that because "the right of homestead is a right against the entirety of the real estate which is the subject matter of this detainer action, [Son] does not, at the present time, have any right to forcibly detain a widow living in the premises." Her counsel noted in argument as follows:

> [T]he main argument we're making . . . is this matter is still being litigated in the Chancery Court/Probate Court which has exclusive jurisdiction over the probate, and although this court or the sessions court would have exclusive jurisdiction over detainer matters at present there's no clear title to the property being represented by Mr. West filing in individual capacity. He can't show that he owns this property. The only thing he's got is a will that says that he's the beneficiary of the will, but that will is still under argument of the statutory rights by the widow down in the Chancery Court. . . . so there's no clear title for him to be bringing a detainer action to dispose a widow from her real estate when she has properly filed a petition for her spousal rights, one of which includes homestead of that very real estate.[3]

Widow's counsel further claimed that Son had a conflict of interest bringing the action in his individual capacity, contending that the claims against the estate total more than any cash assets the estate has and that the real estate is necessary to pay the claims:

> [T]here's claims filed against the estate in excess [] of the estate . . . . [A]s executor of the estate, he couldn't ask for ownership rights that are solely his because he has a duty as the executor to represent the claims of all creditors. . . . [I]f there are not assets to satisfy those claims, the real estate is then sucked back into the estate. . . .

Widow argued that Son, as the personal representative, should consider the property as

---

[3] The record before us does not contain the Last Will and Testament referred to by the trial court.

part of the estate, noting that Paragraph VII of the will provides:

> Any real property which I own at my death is to be Part of my probate estate and treated as forming part of my personal estate for administration purposes.

Further, as the real estate is an asset of the estate and should be handled as personalty of the estate, Widow claimed that Son had no personal standing to bring any legal action against her.

After a hearing, the general sessions court dismissed both of the pending detainer warrants rather than grant the relief sought by either party. Son filed a notice of appeal de novo to the circuit court that same day. Widow filed a renewed motion to dismiss on October 2, 2018. She again recited the fact that there were two detainer warrants in the general sessions court; that the chancery court has exclusive jurisdiction of the matter; that the detainer warrants were filed by Son in an individual capacity, not as the personal representative of a pending estate matter; that Son did not have legal standing to file any detainer warrant; that Widow had filed the motion for certiorari in the general sessions cases arguing the present suit pending doctrine and the issue of a collateral attack; the lack of service of process on Widow; that Tennessee Code Annotated section 27-5-108(2) requires that both the detainer warrants were before the court; that Son's attorney's agreement to place the first detainer warrant on hold bound his client and that the appeal to the circuit court should be dismissed.

Son filed a response arguing that he only appealed the second detainer warrant. As to Widow's insufficiency of service of process argument, he claimed that when Widow filed her renewed motion to dismiss, she waived any issues related to sufficiency of process. He stated that she was appropriately served with process of the first detainer action and remains under the court's jurisdiction as a result. Son further responded: "If there's a claim against the property . . . the property is not going anywhere . . . . If she comes in and she has a claim against the property, she'll assert it, and there will be mechanisms put in place for that claim to be honored. . . ." Son argued that Widow is not entitled to a possessory interest in the property, asserting that any award to Widow by the chancery court will be a lien against the real estate.

On October 15, 2018, the trial court granted possession of the property to Son. A judgment for possession was entered on October 17, 2018, specifically stating that the judgment for possession was made "[f]ollowing hearing by the Court of Defendant's renewed Motion to Dismiss . . . ." The trial court provided as follows:

> … I've done a little bit of research, which ultimately was not particularly helpful for me because I think what I am charged with today is determining who is entitled to possession now

in light of the circumstances which are as follows: Number one, I don't think there's any question that the ultimate will that prevailed was the will that gave possession of the property to [Son], so we have got that fact in there.

The issue is what do I do with the fact that [Widow] has filed an application for allowance of additional time to file a petition for specific property and support, assignment of homestead and right to elective share. And which one of the things she asks for is under the – and this is quoting from the petition, [u]nder the auspices of TCA subsection 30-2-201, assignment of homestead for which petitioner will request the home and lot in which the decedent was living at the time of his death. So she's made a claim basically also for possession of the property essentially.

Okay. So I'm trying to think of what do I do in this situation? How do I go about making that determination? And I think what I can't do is determine whether her claim is a good claim, whether it's a valid claim because that would be usurping the role of Chancellor Weaver. That's his decision if he decides to accept the application ultimately to make that determination.

I think what I have to do is say look at where we are now, which is we have a will that's been upheld which gives possession to [Son] and then we have a claim against that estate. And my conclusion is that the claim should not prohibit [Son] from the possession that the will entitles him to at this point. Ultimately, I don't know what Chancellor Weaver is going to decide. She may have a claim against that estate and if she does, I don't know what that will entail. If it's actual – any sort of right to possession. I don't know if it's money. I don't know those things. What I know now is we've got a will that gives him the right to possession and that's what I'm going to ultimately I think decide is that he should be entitled to possession at this time, subject obviously to [Widow]'s claim which will be determined by Chancellor Weaver up in Chancery Court. So I guess the result is I'm going to respectfully deny the motion to dismiss, Mr. Lufkin. And that's kind of why I asked what do we need to hear. I don't know that there's – I know you've challenged his standing, Mr. Lufkin, and I'm going to respectfully disagree

> with you on that, I think, given what has been decided with respect to the will contest. And I don't know if there's a stipulation to that, but I know – I don't think there's any dispute as to what the ultimate decision was in the probate court with respect to the will that was determined to be valid and the fact that it did give [Son] possession. So I think that's where we are now. So I'm going to grant possession.

Widow argues that the Circuit Court went directly to ruling on the merits without giving her the opportunity to file an answer, counterclaim, or seek appropriate discovery. She wasn't allowed the right to cross examine any witness or present evidence. No evidence was taken by any witness at this hearing and no documents were filed by Son, including the will cited by the trial court. Son asserts that Widow did not raise any issues regarding "lack of jurisdiction over the subject matter," lack of jurisdiction over the person [or] insufficiency or process. Widow did not request an opportunity to "file an Answer, counter claim or perform discovery." Son notes Widow could not be "disseized of [her] freehold" without due process because she had no freehold. Her interest, if any, amounts to a "chose in action."

On November 7, 2018, Widow filed a motion to alter or amend or for new trial. In response, Son filed a motion to enter immediate writ of possession on November 19, 2018.

On November 29, 2018, Chancellor Weaver determined "[t]hat the surviving spouse's 'Application for Allowance of Additional Time,' filed January 22, 2018, is granted; . . . [and] [t]hat the surviving spouse's 'Petition for Right of Surviving Spouse to Specific Property, Years['s] Support Allowance, Assignment of Homestead and Right to Elective Share' filed January 22, 2018, is deemed and treated as timely filed within the additional year from the date of the probate of the 2003 will . . . ." Thus, he determined that Widow, in her capacity as surviving spouse, was entitled to pursue her spousal rights, including right to elective share and assignment of homestead. On December 12, 2018, Widow filed with the circuit court a notice of a certified copy of the memorandum opinion and order of Chancellor Weaver.

Widow's motion to alter or amend and for a new trial was heard by the circuit court on December 14, 2018. The trial court stated as follows at the hearing:

> So this case came to me of course as an appeal from sessions on a writ of possession, so the issue that I was presented with back when we considered this case was on a motion to dismiss based on the standing issue and to synthesize it down, the issue was who was entitled to possession of the property under the facts which were – you had a will contest – you had

- 6 -

a will that designated property, the property to [Son]. You had a will contest. You had a result of that will contest that said [Son] is entitled to possession of the property. And then you have a claim for homestead exemption by [Widow]. So who's entitled to possession of property under those circumstances? So we were there on a motion to dismiss and my question, which if you honed in on, Mr. Garrett, was okay, what are we actually – what's left to decide if the motion to dismiss is or is not granted? What am I doing then? And that was why I posed the question, okay, if I deny the motion to dismiss and we move forward today with the hearing, what exactly are we hearing? Mr. Garrett, you said, "Well, what we would be hearing, and Mr. Lufkin may stipulate to the documents, I've got my client here in case he doesn't to introduce the muniment of title documents." And I said, "The fact that he – the will designates him as the owner and therefore, he's entitled to possession." Mr. Garrett said, "Correct." So I then said, "So it's basically – is there – assuming that if I don't grant your motion, Mr. Lufkin, is there some proof or evidence or some objection as to what the will says as to who is the owner?" And I asked that question to determine whether we needed a further hearing on that issue because that was the issue that was being presented to me. And the response was, "No, Your Honor. My argument is totally in standing." And by that, that's cross-examination, would be whether he has standing to bring a detainer action when there's no clear title to that property. So that was the genesis of my concern is depending on what I do with the motion, what's then left? If there is no issue about the fact that the will says possession goes to [Son] and the fact that the result of the will contest was possession goes to [Son], there's nothing left to decide at that point. And that's how we got to where we are and what my ruling was based on. And so I stand by that. I think that was correct.

I do think, of course, that [Widow] is entitled to a certain – whatever rights that she has under the homestead exemption. That will take place in Chancery Court. But as to who gets possession now, I think that based on what was stated to me at the hearing and the fact that there really is no evidence to controvert the fact that the will says what it says with respect to who is entitled to possession and the results of the will contest on that issue have been decided. So it's just – is there

- 7 -

– should there be some change in that based on the fact that she had filed a homestead exemption, should we wait until that issue is resolved to grant possession, and I said no, and I still think that's correct. So I'm going to respectfully deny the motion. . . .

An order overruling the motion for a new trial was entered on December 27, 2018. Widow filed this timely appeal.

## II. ISSUES

We restate the issues raised in this appeal as follows:

a.      Whether the Circuit Court had jurisdiction in this matter and were the detainer filings and their appeal to the Circuit Court a collateral attack on the exclusive jurisdiction of the Probate Division of the Chancery Court.

b.      Whether the trial court violated Rule 12 of the Tennessee Rules of Civil Procedure on October 15, 2018, by not allowing the mandatory time for Widow to file an answer after the trial court ruled denying her motion to dismiss and denying her right to a counter-claim, discovery, a trial, the presentation of evidence, and the cross examination of the witnesses against her. This violated the due process of Widow in violation of the Tennessee and United States Constitutions.

c.      Whether the trial court below violated Rules 62.01 and 62.02 of the Tennessee Rules of Civil Procedure by not allowing a full thirty days to appeal or file further pleadings following the trial court's decision on December 14, 2018, as to the judgment of possession.

## III.  STANDARD OF REVIEW

This case was resolved on a motion to dismiss. Our standard of review is de novo with no presumption of correctness. *J.A.C. by and through Carter v. Methodist Healthcare Memphis Hosps.*, 542 S.W.3d 502, 509 (Tenn. Ct. App. 2016).

## IV. DISCUSSION

The order and judgment appealed from contain no findings of fact and conclusions of law for our consideration. "A Court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn.Ct.App.1979) (citations omitted); *see also Anil Const., Inc. v. McCollum*, No. W2013-01447-COA-R3CV, 2014 WL 3928726, at *8 (Tenn. Ct. App. Aug. 7, 2014) ("It is well-settled that a trial court speaks through its written orders—not through oral statements contained in the transcripts—and that the appellate court reviews the trial court's written orders."). Upon our review of the issues raised by Widow, we find ourselves unable to address them without more in-depth findings of fact and conclusions of law. As such, the appropriate remedy is to vacate the ruling and remand this matter to the trial court to issue sufficient findings and conclusions. *See Dialysis Clinic, Inc. v. Medley*, No. M2018-00399-COA-R3-CV, 2019 WL 2173194 (Tenn. Ct. App. May 20, 2019); *Smith v. UHS of Lakeside, Inc.,* 439 S.W.3d 303, 312 (Tenn. 2014); *Lovlace v. Copley*, 418 S.W.3d 1, 36 (Tenn. 2013).

## V. CONCLUSION

The judgment of the Knox County Circuit Court is vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee, William M. West, Jr.

_____
JOHN W. MCCLARTY, JUDGE